Bradbury, J.
The question to be determined in the case before us arises on a finding of fact made by the circuit court, which reads as follows:
“That on the 12th day of June,A. D. 1889, the defendant, Charles Plennick, was engaged in business as a merchant, keeping’ a retail saddlery and harness store at No. 135 E. Town street, in the city of 'Columbus, Ohio, in which city he also resided. That on said 12th day of June, 1889, said defendant, Hen-nick, was indebted to the plaintiffs in the sum of two hundred and twenty-nine and 5-100 dollars, with interest from the 1st day of December, 1888, at which date last aforesaid, said claim of plaintiffs against said Hennick became due. That on said 12th day of June, 1889, said Hennick was also indebted to divers other persons, among others to *179 the defendants, Arthur D.,and William N. Anderson, doing business as partners, under the firm name and style of the Anderson Harness company, said last named indebtedness being evidenced by a promissory note signed by Charles Hennick and his father-in-law as his surety, dated September 29,1887, due in one year after date, and payable in terms to said “John T. Gale,as attorney in fact for the Anderson Harness company, or order;” upon which note there still remained due and unpaid the sum of $330.00 on June 12,1889.
“That at the time said note was given by said Hennick, and also on said June 12, 1889, said Gale was acting as the attorney in fact of the' Anderson Harness company, under authority of a power of attorney.
‘ ‘ That Gale had no personal interest whatever in said note, nor the debt evidenced thereby. That on said 12th- day of June, 1889, and for several weeks prior thereto, said Hennick was being pressed by plaintiffs for payment of their said claim, which was long past due, and also by said Gale for payment of the balance due on said note, but was unable to pay said claims or either of them, and suit was threatened and was about to be brought on each of said claims. That on said 12th day of June, 1889, said Hennick executed and delivered a chattel mortgage, whereby he assigned and conveyed all the fixtures and stock of goods and materials in his store (being the same property described in the petition), in terms to “John T. Gale, as attorney in fact for the Anderson Harness company,” said mortgage being conditioned for the payment of the balance due on the note hereinbefore described. Said mortgage was verified by “ John T. Gale, as attorney in fact for the *180 Anderson Harness- company,” and was on the same day filed with the recorder of Franklin county, Ohio, and said Gale immediately took and held possession under said mortgage, of all the property conveyed by the same, and proceeded to sell said property for the purpose of paying the balance due on said note, with the full consent of said Hennick. That said Hennick had, at the time of executing said mortgage, no other property subject to execution. That said Hennick was insolvent when he gave said mortgage, and it was taken by said Gale and given by said Hennick, with the intent and purpose of securing said Hen-nick’s said debt to the said Anderson Harness company, and paying the same out of the proceeds of the sale of said property before any of his other creditors would be paid or secured.”
That Hennick, the mortgagor, was insolvent when he executed the mortgage in question is established by the finding of fact, as well as that the instrument embraced all the property he owned, which was subject to his debts, and that he had at the time other creditors, among whom were the plaintiffs below, now plaintiffs in error. The transaction, therefore, should be held to have been entered into and completed “in contemplation of Hennick ’ s insolvency, ’ ’ and ‘‘ with intent to prefer ’ ’ one “creditor.”
It is a settled doctrine in this state that the form of the instrument by which the transfer of the insolvent’s property is effected, is immaterial. If the debtor’s property is transferred to another, it constitutes an assignment within this statute, whatever instrument is chosen, if the other necessary conditions are present. Bloom v. Noggle, 4 *181 Ohio St., 45; Harkrader v. Leiby, 4 Ohio St., 602; Dickson v. Rawson, 5 Ohio St., 218.
The only remaining question is whether Gale is to be regarded as a trustee for The Anderson Harness company. He certainly is such trustee, unless the circumstance that he was authorized, by a power of attorney, to act for them deprives him of that character. Whether an agent is created by a solemn power of attorney under seal, by an unsealed writing, or by parol, he is equally an agent when acting within the scope of the power conferred upon him.
The form with which it is conferred, concerns, in this respect, the method by which his authority is to be established rather than its extent. If an agent, created such by a sealed instrument, cannot become the trustee of his principal in a transaction embraced by the agency, then it is difficult to conceive how one appointed by a simple writing or by parol only, could be charged as the trustee of, his principal in respect to matters falling within the scope of his agency. It is true, no doubt, that the principal, under the liberal provision of our code of civil procedure, may generally obtain relief at law, as contradistinguished from that in equity, against his agents whatever their authority may be, or however delegated, and that therefore resort to equity may be less necessary, and, on that account, less frequent than formerly. Nevertheless, in a proper case, a principal whose property is in the possession of his agent may have recourse against the latter according to the principles of a court of equity; and when the former resorts to equity for relief he is entitled to that form of equitable relief appropriate to his case, which may consist in charging the agent as his trustee. *182 Veil and Petray v. Administrators of Mitchel, 4 Wash. C. C. (U. S.), 105; Thompson v. Perkins, 3 Mason (U. S.), 232; Chesterfield Mfg. Co. v. Dehon, 5 Pick. (Mass.), 7; Norris et al. v. Tayloe, 49 Ill., 17; Bank v. King, 57 Pa. St., 202.
This principle is sustained by the recent case of Gashe v. Young, 51 Ohio St., 376, where this court held that,'“an agent who acquires property for a consideration furnished by his principal and takes the title in his own name, holds it as trustee for the principal; and, in general, when the title to property purchased, is taken to one or more persons, and the consideration, or an aliquot part thereof, is paid by another, a trust results in favor of the latter.”
The above case, like that now under consideration, was one'brought to have a conveyance, made by failing debtors, declared to create a trust for the benefit of creditors under section 6343, Revised Statutes. There an absolute sale of the property was the form of conveyance adopted, while in the case under consideration a chattel mortgage was selected. We have seen, however, that the form of the instrument chosen is immaterial if it creates a trust.
In the case before us the agent, Gale was the mortgagee in possession of the goods, to secure a debt due the principal, though evidenced by a promissory note payable to^Gale, the attorney in fact. The consideration had been paid by the principal. These circumstances bring the transaction within the principle of the syllabus in Gashe v. Young, above quoted. Had Gale taken the proceeds and invested them in other property real and personal, the principals could have pursued the fund where-ever it could be found, if the bona fide rights of *183 third persons did not intervene. This they could do, solely, because of their right to treat Gale as. their trustee.
The relation of trustee and cestui que trust arose solely, from the nature of the transaction, and Gale was equally a trustee in respect to the property, whether he conducted himself honestly, or whether, by misconduct, he made it necessary for his principals to invoke, by a court of equity, a declaration of the trust, for their protection.

Judgment for plaintiffs in error on the finding of facts.